## Scott ad. vs. Logan.

Devise of property to children when they arrive at age or marry—that the father and mother of the testator shall have the use of it, or so much thereof as they want

during their natural lives—that the father and mother shall take care of the children until they are grown or marry, when the children shall take care of them—that the proceeds of the property be applied to the payment of taxes, maintenance of the father and mother, education, etc., of the children, charged with a contingent legacy to a sister; *Held*, that the property devised to the children vested in them on the death of the testator, but to be divided at a future time; that the mother who was the only survivor of the family, was entitled to an ample maintenance out of the property, to the extent of the whole of it, if necessary, but had not a life estate in it under the will, nor such an interest as would support replevin for the personal property.

## Appeal from Pope Circuit Court.

Hon. John J. Clendenin, Circuit Judge.

Jordan, for the appellant.

We submit that, at the death of the testator, the title to the property vested in his two children, subject to the maintenance of their grand parents: upon the death of the surviving child, his administrator had the right to the possession and control of the negroes. The plaintiff had no right to the possession and control of the negroes—the will gave her no right to the possession—the law conferred no such right upon her by virtue of her lien upon the property for a support. In order to enforce that, her remedy would be a bill in chancery, and appointment of a trustee or receiver to take possession of the property, and pay out of the proceeds enough for her support and maintenance. See 2 *Story Eq.*, secs. 1244–5; 1 *Story Eq.* 506, 512; 2 *Ib.* 1424.

The devise of the use of property for life, or of a support out of it, is not a devise of the property itself. 6 *B. Mon.* 37; *Keyes on Chattels* 9, 10, 240, 241; 2 *Bouv. L. Dic.* 594.

Williams & Martin, for the appellee.

We submit that a fair construction of the will is, that John Logan and his wife were to have the entire use, enjoyment and control of the property until the arrival of the children at age, or marriage, and then were to be supported by them out of it;

and that the period mentioned in the will is not merely the time of enjoyment, but the time at which the right of property was to vest. 1 *Jarman on Wills,* 756, 757, 760, 771; 1 *Russ. & Myl.* 203; 1 *Eq. Cas. Ab.* 295.

But even if the legacy is a vested legacy, the plaintiff's right to recover is complete, for it is manifestly the intention of the testator to give to his father and mother the use of the property for their lives. The grant of the use of property is the grant of the property itself, and entitles the usee to possession.

Mr. Justice FAIRCHILD delivered the opinion of the court.

Frances Logan, the plaintiff below, and appellee here, is the mother of Matthew T. Logan, and claims the negroes specified in her declaration of replevin, under the will of her son, from the defendant below, who, as administrator of Augustus Gaylord Logan, son of Matthew T. Logan, had, before the institution of this suit, taken the negroes from the possession of the plaintiff. The case was tried by the court sitting as a jury, and the evidence was the will of Matthew T. Logan, and an agreed statement of facts; and it comes here upon the question, whether under that will the plaintiff had a life interest, or other legal interest, in the slaves, so as to enable her to maintain her suit. In the circuit court this question was dependent upon numerous propositions, which the parties respectively asked the court to declare to be the law of the case. To those propounded by the plaintiff, the court assented, and refused to make the declarations asked for by the defendant, but out of them all, there legitimately arises but the single question of the plaintiff's right to the possession of the negroes, under the will of Matthew T. Logan, which the court affirmed by its finding and judgment for the plaintiff: to reverse which the defendant has appealed to this court.

Both parties found their claims upon the will, and the parts of it pertinent to this controversy are as follows:

"Item 3d. I do hereby bequeath to my beloved son, Augustus Gaylord, the north-west quarter, and south half of the north-

23

east quarter of section twenty-eight, in township No. nine north, and range No. twenty west, together with one-half of whatever negro property may belong to my estate, when he arrives at mature age or marries.

" Item 4th. I do further bequeath to my beloved daughter, Isabella Susan, the remaining half of section twenty-eight, in township nine north, of range twenty west, except that portion belonging to Peter Yorick, he complying with the conditions above; and I also bequeath to her the other remaining half of my negro property, or whatever it may be at the time of division.

" Item 7th. I do hereby appoint by beloved father, John Logan, my executor, to settle my business and fulfill, as near as possible, this my last will and testament.

" Item 8th. I do further direct that my said father and beloved mother do have the use of all the property, personal and real, that I have bequeathed to my son and daughter, or so much as they may want during their natural life.

" Item 9th. I do further direct that my said father and mother do keep my said son and daughter until they are grown, or marry, or so long as father and mother, or either of them lives, and in case one or both of them shall live until either of my said children gets a family, then, in that case, I direct that they be taken care of, so long as they live, by my said children, jointly or separately, as may best suit the wishes of all parties.

" Item 11th. I do further direct that the proceeds arising from the lease or rent of any or all of my property, until my said children arrive at age, or marries, be applied to the payment of taxes on lands, and maintenance of father and mother, my said children for their schooling, etc.

" Item 12th. And I further direct that my beloved sister, Frances Josephine, be educated out of the proceeds of my estate, and that in case the property that I have bequeathed to my son and daughter be worth the sum of twenty-five hundred dollars each, at the time of division, the valuation to be ascertained by disinterested persons, then, in that case, they must jointly con-

tribute a sum sufficient to purchase my said sister a negro girl worth at least four hundred dollars."

The property devised to the son and daughter in the third and fourth items of the will, vested in them at the death of the testator, but it was not to be divided between them till a future time. While in their pupilage they were to have their maintenance and education out of the estate, and were to live with and under the care of the father and mother of the testator, if alive, till they should be grown, or should marry.

Two conditions of dependence pertaining to his children and to his parents, seemed to be in the mind of Matthew T. Logan; first, that of the children, till they should attain mature age, and become settled in life, during which period they and their property were to be under the care or control of their parents; and secondly, that of the parents, who were to be cared for by the children, and to live with them upon their maturity of age, or settlement in life. Although the title of the property referred to in the third and fourth items in the will, vested immediately in the son and daughter, its control was entrusted to the father of the testator, as the executor of the will, for its fulfillment, and its use was to be applied to the support and gratification of the parents, to the maintenance and schooling of the children, to the education of the sister, and to the payment of taxes, and this was to be done till the children, or one of them should assume the care of their, or its own interest.

A consideration of all the provisions of the will shows that the use of all the property, or so much as they might want during their natural life, which is given to the father and mother by the eighth item of the will, was not a gift to them of the property, or the bequest of a life interest, but was a provision for their support and comfort. For otherwise the eleventh and twelfth items of the will would be inconsistent with the eighth item, and with what we believe to be the general scope and intent of the will.

John Logan, the father and executor of the testator, upon the death of his son, in June, 1845, in accordance with the will

took the children and the estate of his son, and acted in the fulfillment of the will till his death, in 1859, by which time the son had become eighteen years old, and had been in the management of the farm for a year or two before his own death, which happened the day after the death of John Logan. The daughter died soon after the death of her father. In this condition, the plaintiff, the mother of Matthew T. Logan, was left in possession of the slaves sued for, but we do not think she had any legal title to them for her lifetime, or otherwise, and the consequence is that the suit was ill advised and cannot be maintained. The circuit court erred in upholding the alleged right of the plaintiff to recover in this action, and its judgment must be reversed.

Beyond all controversy, the plaintiff is entitled to a comfortable, to an ample maintenance out of the property bequeathed in the third and fourth items of the will, to the extent of the whole of it, if that be necessary, but a writ of replevin, and a court of law, are not the remedy and the forum to afford her relief.